IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS MEDSKER, et al,

    Plaintiffs,

v.    Civil Action Number 3:04CV353

DAVID J. FEINGOLD, et al,

    Defendants.

MAGISTRATE JUDGE SNOW

### ORDER

This matter is before the Court on the defendant's motion to dismiss for lack of personal jurisdiction, improper venue, or, in the alternative, forum non conveniens. Pursuant to Title 28, United States Code, Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision whether to transfer an action is committed to the sound discretion of the district court." GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp.2d 517, 518-19 (E.D.Va. 1999). In considering the motion to transfer, the court must consider plaintiff's choice of venue, the convenience of the parties and the witnesses, and the interest of justice, which includes docket conditions, access to premises that might have to be viewed, the ability to join other parties, and the court's familiarity with applicable law. Id.

The Court first finds, pursuant to Title 28, United States Code, Section 1391(a)(2), that venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," which in this matter is the Southern District of Florida. The headquarters of one of the companies involved in this matter, IDT, was located in Boca Raton,

Florida, in Palm Beach County. The Complaint indicates that communications from the defendants were sent to the plaintiffs, presumably generated in and sent from IDT headquarters in Palm Beach County, Florida. Furthermore, because IDT was headquartered in Palm Beach County, Florida, many of the documents relevant to the case would be found in Palm Beach County, Florida. Pursuant to Title 28, United States Code, Section 89, Palm Beach County is within the Southern District of Florida.

The Court further finds that the convenience of the witnesses weighs in favor of the transfer to the Southern District of Florida. All of the defendants reside in Florida and three of the four defendants reside in the Southern District of Florida. In contrast, of all the plaintiffs named in the case, only one resides in the Eastern District of Virginia. Because IDT was headquartered in the Southern District of Florida, many witnesses, such as former employees, would also be found in the Southern District of Florida. Although it many create some inconvenience for plaintiff-witnesses to travel to the Southern District of Florida from their residences in Ohio, Texas, Illinois, California and Utah, they would suffer the same travel inconvenience by coming to the Eastern District of Virginia. While plaintiffs' choice of forum is a factor to be considered, that factor is not entitled to a great deal of weight where there is an insubstantial factual nexus with this forum. Accordingly, pursuant to Section 1404(a), for the convenience of the parties and witnesses and in the interest of justice, the Court GRANTS the motion to transfer. The Pretrial Conference scheduled for Tuesday, November 9, 2004 is CANCELLED. The Clerk is DIRECTED to TERMINATE the defendant's motion to continue pre-trial conference, to stay discovery and to attend hearings via telephone as MOOT. All other pending motions shall be resolved in the Southern District of Florida.

Accordingly, the Court TRANSFERS this matter to the United States District Court for

the Southern District of Florida.

It is so ORDERED.

Let the Clerk SEND a copy of this Order to all counsel of record and to the Clerk for the United States District Court for the Southern District of Florida. The Clerk is also DIRECTED to SEND the file to the Clerk for the United States District Court for the Southern District of Florida.

NOV - 3 2004
DATE

SENIOR UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**OFFICE OF THE CLERK**
Lewis F. Powell, Jr. U.S. Courthouse Building
1000 East Main Street
Suite 305
Richmond, Virginia 23219



ELIZABETH H. PARET
CLERK OF COURT

| Telephone: | Area Code 804 |
|---|---|
| Administrative | 916-2200 |
| Jury-Financial | 916-2212 |
| Criminal | 916-2230 |
| Civil | 916-2220 |

November 8, 2004

04-81025
CIV-ZLOCH
MAGISTRATE JUDGE SNOW

Clerk's Office
U. S. District Court
Southern District of Florida
301 N. Miami Avenue
Miami, FL 33128

RE:   Thomas Medsker, et al. v. David J. Feingold, et al.
      Civil Action No. 3:04CV353

Office of the Clerk:

Pursuant to an order of this court dated November 3, 2003, and signed by the Honorable Richard L. Williams, Senior United States District Judge, the above-styled matter is transferred to your division.

The papers enclosed constitute the entire file in this case, except a certified copy of the transfer order is enclosed in lieu of the original. A certified copy of the docket sheet is also enclosed.

A copy of this letter is attached for your convenience in acknowledging receipt.

Very truly yours,

ELIZABETH H. PARET, CLERK

By: Carolyn McCracken
Deputy Clerk

Date Received: _____
Your Case Number: _____