UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-81025-CIV-ZLOCH

THOMAS MEDSKER, et al.,

    Plaintiffs,

vs.                                          **OMNIBUS ORDER**

DAVID J. FEINGOLD, et al.

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Reply To Defendants' Memorandum (DE 35), which the Court construes as a Motion For Attorney's Fees, Plaintiffs' Motions To Compel (DE Nos. 81, 98, & 111), Plaintiffs' Motion For A Protective Order (DE 82), Plaintiffs' Motion For An Order To Show Cause (DE 101), and Defendants' Memorandum In Opposition (DE 105), which the Court construes as a Motion To Quash, and Defendants' Motion For A Protective Order And For Sanctions (DE 106). The Court has carefully reviewed said Motions and the entire Court file and is otherwise fully advised in the premises.

I.

    By prior Order (DE 33), the Court granted Plaintiffs' Motion To Compel (DE 18). Therein, the Court ordered Plaintiffs to submit the instant Motion (DE 35) detailing their fees and costs incurred and for Defendants to show good cause why a sanction should not be imposed. In their Memorandum (DE 34), Defendants argue that they withheld discovery based on a then-still-pending jurisdictional argument that they feared would be waived if they engaged in discovery. Indeed, it was after Plaintiffs' former Motion To

Compel (DE 18) was filed that the Court rejected Defendants' jurisdictional argument. See DE 26. Thus, the Court finds that Defendants were substantially justified and no sanction will be imposed based on Defendants' being compelled to produce discovery.

## II.

Plaintiffs' instant Motions To Compel (DE Nos. 81, 98, & 111) fail to conform to Local Rule because they do not set forth verbatim the discovery requests and the alleged incomplete responses. S.D. Fla. L.R. 26.1.H.2. Thus, they shall be denied.

## III.

By Plaintiffs' instant Motion For A Protective Order (DE 82), they seek in part an Order from this Court prohibiting their former trial counsel, Mr. Steven S. Biss, Esq., from being deposed on the grounds that he, at the time of filing, was their Counsel. Aside from the fact that Mr. Biss has withdrawn as Counsel for Plaintiffs, DE 135, the Court notes that he is also a Party to this Case. DE 27. Thus, this Motion shall be denied.

## IV.

By Plaintiffs' instant Motion For A Protective Order (DE 82), they also seek in part an Order from this Court determining the location of the depositions of Plaintiffs. While Plaintiffs filed this action in Virginia, it was transferred to this Court for want of venue. Thus, the Court finds that taking the depositions of Plaintiffs in the forum where this action is pending, the Southern District of Florida, is consistent with the general rule of depositions of plaintiffs. The Court notes that taking the depositions by telephonic or video conferencing means would lighten

the burden on any Plaintiff who would choose not to come to Florida.

V.

Plaintiffs' instant Motion For An Order To Show Cause (DE 101) seeks an order from the Court threatening Defendant Feingold and Feingold & Kam, IBC with contempt for failing to respond to a subpoena.  Defendants argue that the subpoena was never served.  DE 105, pp. 2-3.  Plaintiffs argue in their Reply that the subpoena was served by regular mail.  DE 108, p. 2.  Rule 45 states that serving a subpoena "requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).[1]  Courts have construed this provision to mean that a party's failure to personally serve the person named in the subpoena is, with limited exceptions, grounds for quashing a subpoena as defective.  9A Wright & Miller, <u>Federal Practice and Procedure</u>: Civil 3d § 2454 (3d ed. 2008).  Thus, the Court shall grant Defendants' instant Motion To Quash (DE 105).

VI.

In their instant Motion For A Protective Order (DE 106), Defendants seek relief from Plaintiffs' repeated discovery requests.  Plaintiffs have requested production of many documents from Defendants, who have produced such documents and permitted inspection and copying of them.  Plaintiffs, however, have refused to inspect and arrange for copying of the documents, indicating that their discovery requests have been unnecessary.  Therefore, the Court shall grant Defendants' instant Motion For A Protective

---

[1] The recent restyling of the Federal Rules of Civil Procedure did not alter the meaning or interpretation of Rule 45.

Order (DE 106) in part at this time. Plaintiffs may seek further discovery of Defendants if by their conduct they indicate a need and use for the discovery already requested.

## VII.

For the sake of all involved, this case must be brought to conclusion. Pre-trial Conference will be reset for July 31, 2009, by separate Order. Before that time, Counsel are encouraged to seek a speedy conclusion to this matter without the needless contention that has characterized this matter in the past. The Court will hold the Parties to the letter of both Federal and Local Rule in discovery matters and all other motion practice. Counsel are encouraged to work out their differences civilly without intervention of the Court. See Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1353-54 (S.D. Fla. 2008) (noting the litigant-driven nature of federal pretrial practice). Should discovery matters require decision of the Court, the Parties can expect an expedited briefing schedule.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Reply To Defendants' Memorandum (DE 35), which the Court construes as a Motion For Attorney's Fees, be and the same is hereby **DENIED**;

2. Plaintiffs' Motions To Compel (DE Nos. 81, 98, & 111) be and the same are hereby **DENIED** for failure to conform to Local Rule 26.1.H;

3. Plaintiffs' Motion For A Protective Order (DE 82) be and the same is hereby **DENIED**;

4. Plaintiffs' Motion For An Order To Show Cause (DE 101) be and the same is hereby **DENIED**;

5. Defendants' Memorandum In Opposition (DE 105), which the Court construes as a Motion To Quash, be and the same is hereby **GRANTED**;

6. Defendants are relieved from any further responsibility to respond to the subpoena sent to them on or about September 4, 2007, and discussed in Plaintiffs' Motion (DE 101); and

7. Defendants' Motion For A Protective Order And For Sanctions (DE 106) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

a. To the extent Defendants' Motion For A Protective Order And For Sanctions (DE 106) seeks a protective order from Plaintiffs' ongoing discovery requests, it be and the same is hereby **GRANTED** as stated above in Part VI;

b. In all other respects, Defendants' Motion For A Protective Order And For Sanctions (DE 106) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   6th   day of April, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record