UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-81025-CIV-ZLOCH

THOMAS MEDSKER, et al.,

    Plaintiffs,

vs.                                              **O R D E R**

DAVID J. FEINGOLD, et al.

    Defendants.
_____/

THIS MATTER is before the Court upon Defendant David J. Feingold's Motion For Summary Judgment (DE 79). The Court has carefully reviewed said Motion and the entire Court file and is otherwise fully advised in the premises.

Plaintiffs initiated this action to recoup losses incurred after investing with companies associated with Defendants. Defendants, as expected, deny liability. Relevant to the instant Motion, Defendant Feingold argues that the sole cause of action against him must fail. For the reasons expressed more fully below, the Court shall deny this Motion.

I. Background

Plaintiffs are former investors in several companies connected with Defendants. They were IDT Funds, a group of five affiliated hedge funds, IDT Group, and BrandAid Marketing Corporation. The IDT hedge fund entities invested in BrandAid, and thus investors with IDT became essentially shareholders of BrandAid. Plaintiffs allege that Defendants engaged in a massive scheme of fraudulent activity that funneled their invested capital out of BrandAid and

it then, a shell company, filed for bankruptcy protection.

Relevant to the instant Motion are Plaintiffs' claims against Defendant David J. Feingold, whom they argue was a control person of the corporate entities. Feingold filed the instant Motion arguing that he is not liable for any actions of the corporate entities because he acted only as legal counsel to them and not in any sort of managerial capacity.[1]

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should

---

[1] Defendant Feingold is named in Counts III and IV. By prior Order (DE 124) the Court dismissed Count IV, which was affirmed by the Eleventh Circuit (DE 133). Thus, the instant Motion proceeds only as to Count III.

2

>  be decided at trial.  Only when that burden has been met
>  does the burden shift to the non-moving party to
>  demonstrate that there is indeed a material issue of fact
>  that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

The instant Motion seeks the entry of summary judgment that Defendant Feingold cannot be found liable of the claim alleged against him.  He makes two arguments.  First, Plaintiffs cannot establish control person liability because they did not plead a claim of primary liability for a violation of the securities laws. Second, even if one were plead, Plaintiffs cannot establish that Feingold actually acted as a control person because he merely acted as outside legal counsel.  The Court finds neither argument availing.

Feingold argues that the law in this Circuit requires the pleading of a claim for primary liability for violating the securities laws as a prerequisite to bringing a claim for control person liability.  He cites Theoharous v. Fong, 256 F.3d 1219 (11th

3

Cir. 2001), for the proposition that a securities plaintiff must allege in his pleadings that the control person first violated § 10(a) of the Securities Exchange Act of 1934 before proceeding against him on a claim for control person liability. DE 79, p. 9. This is not the law. <u>Theoharous</u> held that to establish a claim of control person liability, the plaintiff must first allege a violation of the Exchange Act by the controlled corporation, not the controlling person. <u>Id.</u> at 1227. In other words, the Exchange Act "imposes derivative liability on persons that control primary violators of the Act." <u>Laperriere v. Vesta Ins. Group, Inc.</u>, 526 F.3d 715, 721 (11th Cir. 2008). This cannot be reworked, as Feingold would have it, into a requirement of derivative liability on persons that themselves violate the act. See <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1237 (11th Cir. 2008) (requiring allegations that the corporation committed a violation of the securities laws and that the individual defendants had the ability to control the general business affairs of the corporation and requisite power to control the specific corporate policy resulting in the violation). Thus, no pleading need be made that Feingold himself committed a violation of the Exchange Act.

The second argument raised in the instant Motion (DE 79) is that, even if a primary violation were properly pleaded, Plaintiffs cannot establish that Feingold exercised the requisite control over the violating corporation to maintain a claim for control person liability. Feingold is liable as a control person if (1) a corporate entity violated the securities laws, (2) Feingold "had the power to control the general business affairs of" that entity,

4

and (3) he "'had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability.'" Theoharous, 256 F.3d at 1227 (quoting Brown v. Enstar Group, Inc., 84 F.3d 393, 396 (11th Cir. 1996)). The instant Motion argues that Feingold had no such control over Brandaid and IDT because he acted only in the capacity of outside counsel.

The Court notes, after a careful review of the entire court record herein, that genuine issues of fact remain to be tried by a jury as to Plaintiffs' claims for control person liability against Defendant Feingold. He was heavily involved in the operations of the corporate entitites at issue, the IDT and BrandAid companies, but whether this was limited to acting as outside counsel is difficult to extract. The Court finds that a jury should sift the evidence to determine what exactly Feingold's actions included and whether this rose to the level of control necessary for § 20(a) of the Exchange Act. Therefore, the Court shall deny Feingold's instant Motion.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant David J. Feingold's Motion For Summary Judgment (DE 79) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of May, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record

5